IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL STARK, | § | |
|     PLAINTIFF, | § | |
| | § | |
| | § | |
| V. | § | A-20-CV-868-RP |
| | § | |
| DEPUTY K NEWTON #1456, | § | |
|     DEFENDANT. | § | |

## ORDER

Before the Court are Plaintiff Michael Stark's amended civil-rights complaint (ECF #17) and

Defendant Deputy Newton's Motion for Summary Judgment (ECF #39). Plaintiff did not file a

response thereto. After consideration of Plaintiff's amended complaint and Deputy Newton's

Motion for Summary Judgment, the Court grants summary judgment.

## BACKGROUND

At the time he filed his original complaint, Plaintiff was in the custody of the Bastrop County

Sheriff's Office. Plaintiff has since been convicted of a felony and transferred to the Texas

Department of Criminal Justice - Correctional Institutions Division. However, Plaintiff has not

notified the Court of his change of address.

In his original complaint, Plaintiff alleged Bastrop County Deputy K Newton arrested him

on June 6, 2019, for a traffic violation. According to Plaintiff, Deputy Newton advised Plaintiff the

reason for the arrest was due to his license plate light being out. Plaintiff asserted Deputy Newton

requested to search his vehicle. Plaintiff denied he gave Deputy Newton consent. Plaintiff alleged

Deputy Newton later fabricated her affidavit for probable cause. Plaintiff failed to allege whether

1

Deputy Newton searched his vehicle, and if so, what the search revealed. Plaintiff also failed to identify what in the affidavit for probable cause was false. Plaintiff sued Deputy K Newton. He sought $1,000,000 and unspecified declaratory and injunctive relief.

The Court ordered Plaintiff to file an amended complaint to clarify the claims he makes and the relief he seeks. The Court ordered Plaintiff to state exactly what Deputy Newton fabricated in her affidavit for probable cause and indicated Plaintiff should attach the affidavit to his amended complaint if it was available.

Plaintiff filed an amended complaint and attached the probable cause affidavits for each of his offenses. Plaintiff states he was driving 20 mph and came to a complete stop in the 100 block of KC Drive once Deputy Newton activated the lights on her patrol vehicle. Plaintiff asserts Deputy Newton failed to advise in her report for probable cause that Plaintiff's speed of 20 mph and his immediate stop could not be considered fleeing. Plaintiff appears to refute the statement in Deputy Newton's Narrative Report and Affidavit for Probable Cause for a Warrantless Arrest that Plaintiff stopped the vehicle in the 200 block of KC Drive instead of the 100 block. After Plaintiff was arrested for fleeing a police officer, another officer performed an inventory search of the vehicle Plaintiff was driving. The search allegedly revealed a glass pipe, 1.69 grams of methamphetamine, a short-barrel shotgun loaded with two shells, and two unidentified capsules.

After review of Plaintiff's amended complaint, the Court found Plaintiff's claims were inconsistent with the criminal charges pending against him. The Court explained, in *Heck v. Humphrey*, the Supreme Court held a section 1983 claim for damages that "necessarily impl[ies] the invalidity of his conviction or imprisonment" does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a tribunal

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994). However, in *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), the Supreme Court held the *Heck* bar does not apply to a civil-rights claim that would impugn *pending* criminal proceedings, and common practice supports the stay of such a civil-rights claim pending resolution of the criminal case. Because Plaintiff's civil-rights claims were interrelated with his pending criminal proceedings, the Court determined a stay of this case was appropriate.

After the parties notified the Court that Plaintiff's criminal proceedings were resolved, the Court lifted the stay. Deputy Newton now moves for summary judgment. She asserts her entitlement to qualified immunity. She also argues the Independent-Intermediary Doctrine applies because the Bastrop County Grand Jury indicted Plaintiff for evading arrest under § 28.04 of the Texas Penal Code.

According to Deputy Newton, she was patrolling an area in Bastrop County where she had received information that a little girl had been kidnaped by her mother and boyfriend. Deputy Newton attests, on June 6, 2019, near midnight, she observed a maroon Buick passenger vehicle turning north onto KC Drive in Bastrop, Texas from State Highway 21 East. She observed that the Buick did not have the license plate illuminated with a taillamp which is a traffic violation under section 547.322 of the Texas Transportation Code.

According to Deputy Newton, she turned her vehicle around to conduct a traffic stop in the 100 block of KC Drive. She attests that she got behind the maroon Buick, illuminated her overhead emergency lights, and turned on her siren to conduct the stop. Deputy Newton states it was obvious to the driver that he was being pulled over by an emergency vehicle because it was dark and they

were in a rural area.  Deputy Newton asserts the driver ignored her overhead emergency lights and siren and refused to bring the vehicle to a stop.  According to Newton, the Buick continued north into the 200 block of KC Drive driving slowly at approximately 20 mph.

Deputy Newton asserts she activated her patrol car speaker and ordered the driver to pull over.  Deputy Newton attests, after being involved in a slow pursuit for two blocks, the vehicle came to a stop.  She indicates she ordered the subject to turn off the vehicle, put the keys on top of the car, exit the vehicle, walk slowly backwards towards her, and get on his knees with his hands up.  According to Deputy Newton, the subject complied.

She states she restrained the driver with handcuffs and informed him that he was being detained.  The driver allegedly asked what he had done to be stopped.  Deputy Newton states she informed the driver that he did not stop initially and that she was looking for a suspicious vehicle in the area.  The driver, identified as Michael Brandon Stark, allegedly told the deputy that he did not stop because he had ben rear ended previously by an officer and he wanted to get somewhere safe.

Deputy Newton attests that Plaintiff gave her vague responses to her questions.  According to Deputy Newton, she walked to the open driver's door and saw shotgun shells and a butane torch.  When asked whether Plaintiff had any drugs or a shotgun in the car, Plaintiff allegedly responded with vague and inconsistent responses that he had borrowed the car and that he did not know because he had just bought the car.  Plaintiff then allegedly told the deputy that the owner of the car was "Dane."  Deputy Newton learned from dispatch that the owner of the car was Rogelio Rodriguez, not Dane, the vehicle did not have insurance, and the registration expired in August 2015.

4

Deputy Newton asserts she instructed Plaintiff that the reason for the traffic stop was that his license plate light was out and for his failure to stop initially.  She asked for consent to search the vehicle and Plaintiff responded that the car did not belong to him and he had just rented it.

Deputy Newton attests that Sgt. Chris Dezarn made the scene as her cover officer and supervisor.  Newton states she again asked Plaintiff if he had a shotgun in the car, and he denied it.  Newton states she also asked Plaintiff if the butane torch was his.  According to Newton, Plaintiff admitted the torch was his and that he used it to light cigarettes.  Plaintiff volunteered that people see the torch and they think it is used to burn their pipes and smoke dope.

According to Deputy Newton, Sgt. Dezarn advised her to arrest Plaintiff for fleeing or attempting to elude a police officer.  After she placed Plaintiff under arrest, Sgt. Dezarn, Cpl. Chris Griffin, and Deputy Chad Walsh conducted a vehicle inventory search.  During the search, a glass pipe with residue of a substance that had been burned inside the pipe was located.  A small plastic bag of a white crystallized substance believed to be methamphetamine was also found in the vehicle.  The white substance was later tested with a narcotics test kit and had a positive result for methamphetamine and weighed 1.69 grams.  The meth pipe constituted a possession of drug paraphernalia offense and the possession of the methamphetamine constituted the criminal offense of possession of a controlled substance.

A 12 gauge sawed-off short barrel shotgun was also found in the vehicle.  The sawed-off shotgun was loaded with two shotgun shells.  The weapon constituted a prohibited weapon offense under section 46.05 of the Texas Penal Code, making it a criminal offense when a person intentionally or knowingly possesses a short barrel firearm.  According to Newton, dispatch notified the officers during the inventory search that Plaintiff was a convicted felon.  That fact resulted in

Plaintiff being charged with Unlawful Possession of a Firearm by a Felon under section 46.04 of the Texas Penal Code.

Deputy Newton attests that she arrested and transported Plaintiff in her patrol vehicle to the Bastrop County Jail.  She further attests that she completed probable cause affidavits and charged Plaintiff with Fleeing or Attempting to Elude a Police Officer; Prohibited Weapon; Unlawful Possession of a Firearm by a Felon; and Possession of a Controlled Substance.  She asserts she also issued traffic citations for No License Plate Light; Failing to Maintain Financial Responsibility; and Possession of Drug Paraphernalia.

Defendant provided the Court with the probable cause affidavits for Plaintiff's various criminal offenses.  In addition, she provided videos of the stop and arrest from her dash cam and body cam.

## DISCUSSION AND ANALYSIS

### A.    Summary Judgment

A party is entitled to summary judgment if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  A summary judgment movant must establish every essential element of their claim or affirmative defense. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial.  *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  A dispute as to a material

fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party opposing summary judgment cannot rest on the mere allegations of their pleadings, but instead must identify specific evidence in the record and articulate how that evidence supports their claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) ("This burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.") (internal quotations omitted). When deciding whether to grant summary judgment, the court should view the evidence in the light most favorable to the party opposing the motion and indulge all reasonable inferences in favor of that party. *Rankin v. Klevenhagen*, 5 F.3d 103, 105 (5th Cir. 1993). However, summary judgment must be granted if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

B.      Qualified Immunity

"A good-faith assertion of qualified immunity alters the usual summary judgment burden of proof." *King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016) (quoting *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016)). "The plaintiff must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Id.* at 654 (quoting *Gates v. Tex. Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 419 (5th Cir. 2008)). The plaintiff "must offer more than 'mere allegations,'" but "'absolute proof'" is not necessary to raise a genuine issue of material fact. *Id.* (quoting *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009)). And because

"the plaintiff is the non-moving party," courts still "construe all facts and inferences in the light most favorable to the plaintiff." *Melton v. Phillips*, 875 F.3d 256, 261 (5th Cir. 2017) (en banc).

C.    Independent-Intermediary Doctrine

If facts supporting an arrest are placed before an independent intermediary such as a magistrate judge or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party. *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009).  A properly secured grand jury indictment will shield a defendant who has committed or initiated a false arrest. *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 553-54 (5th Cir. 2016).  This is true even if the independent intermediary's action occurred after the arrest or if the arrestee was never convicted of a crime. *Id.* at 554.

The independent-intermediary doctrine, however, does not apply "if the plaintiff shows that 'the deliberations of that intermediary were in some way tainted by the actions of the defendant.'" *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017) (quoting *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009)).  For this exception to the independent-intermediary doctrine to apply, the plaintiff must plead facts that support the inference that "the official's malicious motive led the official to withhold relevant information or otherwise misdirect the independent intermediary by omission or commission." *Id.* at 689 (citing *Buehler*, 824 F.3d at 555).

Plaintiff fails to show the intermediary's decision to indict was tainted.  Contrary to Plaintiff's amended complaint, the videos support the statements Newton made in her affidavit, including that Plaintiff's speed was 20 mph and he did not immediately pull over.  Plaintiff fails to provide any summary judgment evidence that Newton omitted information from her affidavit or that she misstated any information.

<u>CONCLUSION</u>

Plaintiff failed to demonstrate a violation of his constitutional rights.  Therefore, Deputy Newton is entitled to summary judgment.

It is therefore **ORDERED** that Defendant Newton's Motion for Summary Judgment, filed on January 23, 2026, is **GRANTED**.

**SIGNED** on March 4, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE